## TATE v. STATE.

### Opinion delivered October 4, 1909.

WITNESS—IMPEACHMENT.—A witness for the defense in a case of larceny of several hogs may be impeached by showing that he had made an inconsistent statement as to his and the defendant's conduct immediately after the hogs were killed, as the evidence does not tend to contradict the witness upon a collateral matter.

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; affirmed.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

1. Defendant's witness, Tillman, had testified to a state of facts incompatible with the statements made by him in his conversation with Durden, which was overheard by the witness Kelly. Tillman on cross examination specifically denied having had such conversation, and Kelly's testimony in rebuttal was properly admitted to impeach him. 68 Ark. 544; 67 Ark. 598; 47 Ark. 70; 24 Ark. 620; 15 Ark. 359.

2.   There was evidence to support either contention as to the ownership of the pigs.   The jury's verdict is conclusive upon this court that appellant did not own them, but knowingly stole them.   73 Ark. 407; 67 Ark. 537; 65 Ark. 257; 76 Ark. 326.

McCULLOCH, C. J.   Defendant, Mose Tate, was convicted of hog stealing, and appeals to this· court.   He and Willis Tillman, Will Lasky and George Robinson were jointly indicted for the crime, and he was tried separately and convicted.   The evidence shows that the parties named killed several pigs owned by one Bannister Tate, and carried them to defendant's home and converted them to their own use.   The pigs were killed in the woods near Bannister Tate's home.   There is no controversy about the fact of these parties killing and carrying away the pigs; but defendant contends that he owned them.   The evidence was conflicting on this issue, but it was sufficient to sustain the finding of the jury that Bannister Tate owned the hogs, and that these parties killed them with the knowledge that they did not belong to defendant Mose Tate and with the felonious intent to deprive the owner of his property.

Aside from the question as to the sufficiency of the evidence raised in the motion for new trial, the only assignment of error is as to the ruling of the court in permitting witness Kelly in rebuttal to testify concerning a conversation between Willis Tillman, some time after the pigs were stolen, and Will Durden, a State's witness, who was nearby in the woods and saw these parties shoot the pigs.   Witness Kelly testified that Will Durden asked Tillman why they ran off when they (Durden and one Golden) fired a gun, and that Tillman replied: "We heard some turkeys in the woods, and thought that we would go down there and see if we could kill one."   The foundation for the contradiction of Tillman was properly laid.   He was asked while on the witness stand if he had not made that statement to Will Durden, and denied that he had done so.   He was accused of this crime in the same indictment, and was a witness in behalf of the defendant.   He gave a contradictory account of the conduct of the parties immediately after the hogs were killed, by saying that they put the pigs in sacks and rode over to defendant Mose Tate's home.   This statement made to Durden gives another· account as to what they did, and was admissible for the purpose

of impeaching the credibility of Tillman as a witness.   It is not
an attempt to contradict the witness on a collateral matter, as
the conduct of these parties immediately after shooting the pigs,
when they discovered Durden and Golden in the woods, was
under investigation for the purpose of ascertaining the intent
with which they killed the pigs—whether they killed them in
good faith, believing them to be the property of defendant Mose
Tate, or whether they did so with the criminal intent to deprive
the true owner of his property.

Judgment affirmed.